UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROMELL LEMOYNE GOODSON,

    Defendant.

Case No. 23-cr-20307

Hon. Sean F. Cox
United States District Court Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT UNDER THE SECOND AMENDMENT**

Romell Goodson, was charged in an indictment with one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10). The charge stemmed from an interaction between Goodson and two police officers where the officers recovered a firearm from Goodson, who is a convicted felon. Goodson moves to dismiss the indictment and argues that § 922(g)(1) is facially unconstitutional under the Second Amendment after the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No. 29). Goodson's motion was fully briefed (*see* ECF Nos. 32, 34), and the Court heard oral argument on November 30, 2023. For the reasons below, the Court dismisses Goodson's motion to dismiss with prejudice.

Before *Bruen*, courts applied a two-step test distilled from the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), to determine whether a challenged firearm regulation violated the Second Amendment. *Bruen*, 142 S. Ct. at 2126–27. Courts considered "whether the challenged law burden[ed] conduct that f[ell] within the scope of the Second Amendment as historically understood," and if so, courts "applie[d] the appropriate level

1

of scrutiny." *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012). *Bruen* explained that this test had "one step too many . . . . Instead, the government must affirmatively prove that its firearms regulation is a part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." 142 S. Ct. at 2127.

The Sixth Circuit held that § 922(g)(1) passed constitutional muster under *Heller*. *See United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010). However, the Sixth Circuit recently recognized that *Bruen* abrogated *Heller*'s two-step test, *see United States v. Ramadan*, No. 22-1243, 2023 WL 6634293, at *2 (6th Cir. Oct. 12, 2023), and Goodson argues that this Court must now apply *Bruen*'s one-step test to § 922(g)(1). But the Sixth Circuit never applied *Heller*'s two-step test to § 922(g)(1). Instead, the Sixth Circuit held that § 922(g)(1) was constitutionally permissible based on dicta in the *Heller* majority opinion.

In *Heller*, the majority articulated that "nothing in our opinion should be taken to cast doubt" on certain firearm regulations, such as "longstanding prohibitions on the possession of firearms by felons." 554 U.S. at 626. The Sixth Circuit subsequently explained in an unpublished opinion that this dictum insulated § 922(g)(1) from challenges under the *Heller* two-step test by any felon because "[w]e have long held congressional regulation of firearms constitutional." *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008). The Sixth Circuit later adopted this holding in a published opinion. *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010).

The Government argues that § 922(g)(1) remains lawful as applied to any felon because nothing in *Bruen* overruled *Heller*'s carve-out for longstanding prohibitions, and three Justices who signed the six-Justice majority opinion in *Bruen* endorsed the same principle in concurring

2

opinions. *See Bruen,* 142 S. Ct. at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring).

The Sixth Circuit was not an outlier in interpreting the *Heller* dicta as having created a longstanding-prohibition exception to *Heller*'s two-step test and applying this exception to § 922(g)(1).[1] But as Goodson correctly notes, the majority opinion in *Bruen* did not explicitly address the exception. After *Bruen*, at least four Courts of Appeals have confronted whether to apply *Bruen*'s one-step test to § 922(g)(1) or whether the longstanding-prohibition exception survives *Bruen*.

The Third and Seventh Circuits rejected the argument that the Government's makes here and applied the *Bruen* test to § 922(g)(1). *See Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96, 104 (3d Cir. 2023) (en banc); *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023). The Eighth and Tenth Circuits, however, held that *Bruen* did not upset their post-*Heller* precedent affirming § 922(g)(1) as applied to any felon under the longstanding-prohibition exception. *See United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023); *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023).

This Court has endorsed the Eighth's and Tenth's Circuit's approaches in a litany of post-*Bruen* challenges to § 922(g)(1) and summarily affirmed its constitutionality. *See United States v. Ross*, No. 23-cr-20168, 2023 WL 7345908, at *11 n.11 (E.D. Mich. Nov. 7, 2023) (collecting

---

1. *See, e.g.*, *United States v. Barton*, 633 F.3d 168 (3d Cir. 2011); *United States v. Williams*, 616 F.3d 685, 691–94 (7th Cir. 2010); *United States v. Vonxgay*, 594 F.3d 1111, 1114–18 (9th Cir. 2010); *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010) (per curiam); *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Stuckey*, 317 F. App'x 48, 50 (2d Cir. 2009) (summary order); *United States v. Brunson*, 292 F. App'x 259, 261 (4th Cir. 2008) (per curiam); *United States v. Irish*, 285 F. App'x 326 (8th Cir. 2008) (per curiam).

cases).  In the absence of contrary controlling precedent, the Court declines to revisit this issue here.

     **IT IS HEREBY ORDERED** that the defendant's motion to dismiss the indictment is **DENIED** with prejudice.

     **IT IS SO ORDERED.**

                                        s/Sean F. Cox  
                                        Sean F. Cox  
                                        United States District Judge

Dated:  December 18, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2023, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy  
                                        Case Manager