UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROMELL LEMOYNE GOODSON,

    Defendant.

Case No. 23-cr-20307

Hon. Sean F. Cox
United States District Court Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REOPEN THE RECORD

The Court held a suppression hearing in this criminal case, and the defendant now moves to reopen that suppression hearing so that he may present additional evidence. Because Defendant has a reasonable and adequate explanation for failing to present the additional evidence at the suppression hearing and the factors detailed by the Sixth Circuit in *United States v. Holland*, 522 F. App'x 265 (6th Cir. 2013), weigh in his favor, the Court grants Defendant's motion.

## BACKGROUND

Defendant Romell Goodson was indicted under 18 U.S.C. § 922(g)(1) for possessing a firearm as a felon after Detroit Police Department officer Lorenzo Palmer recovered a firearm from him. On October 6, 2023, Defendant moved to suppress the evidence recovered from his interaction with Officer Palmer under the Fourth Amendment exclusionary rule. The Government filed a response on November 11, 2023, where it argued that Officer Palmer had conducted an investigatory stop with reasonable suspicion, and had lawfully recovered the firearm from Defendant under the officer-safety exception to the warrant requirement. On

1

November 9, 2023, the Court scheduled a suppression hearing for November 30, 2023, at 2:00 P.M.

On November 29, 2023, at 2:32 P.M., an attorney for the Government emailed Defendant's counsel to inform Defendant that the Government would raise an argument at the suppression hearing that it had not raised in its response.  The email stated that the Government would argue that the interaction between Defendant and Officer Palmer had been consensual, and that Officer Palmer had probable cause to search Defendant after he told Officer Palmer that he had a gun.

At the suppression hearing, the Government called Officer Palmer, who testified to the following facts.  Officer Palmer and his partner, Officer Kijuan Anderson, were patrolling a high-crime area on Detroit's west side in a semi-marked police vehicle in the early morning hours of April 26, 2023.  As the officers pulled into the parking lot of a gas station, Defendant, who was walking across the parking lot, looked back at them and "was clutching his front hoodie pocket."  (ECF No. 38, PageID.165).

The officers "drove on the side of [Defendant]," who "looked and turned away a little bit."  (*Id.*).  Officer Palmer then got out of his vehicle and asked Defendant, "Hey, what's up man?  Do you have a gun on you or are you armed?" in a "normal" tone of voice.  (*Id.* at 166, 167).  Defendant replied, "I do have a gun on me, but it ain't mine."  (*Id.* at 167).  Officer Palmer subsequently "removed the handgun for my safety my partner's safety" from the front pocket of Defendant's hoodie.  (*Id.*).

On cross-examination, Officer Palmer described that Defendant was "startled" when he and Officer Anderson pulled up near him in their vehicle.  (*Id.* at 177).  Officer Palmer stated that he walked up "[v]ery close" to Defendant after he exited the vehicle, and that Defendant had

2

taken his hands out of his pocket and put them up in the air. (*Id.* at 183). Officer Palmer also recalled that Defendant was holding a plastic bag and another item as he held his hands in the air. Officer Palmer further stated that he had approached Defendant because he suspected that Defendant was involved in criminal activity.

Defendant did not ask Officer Palmer whether Officer Palmer had touched Defendant before Officer Palmer asking him whether he was armed. No other witnesses testified at the suppression hearing, and neither Defendant nor the Government offered any exhibits.

Defendant now moves to reopen the suppression hearing, and the Government opposes Defendant's motion. Defendant's motion and the Government's response were fully briefed, and the Court heard oral argument on January 26, 2024. For the following reasons, the Court grants Defendant's motion.

## STANDARD OF REVIEW

Before this Court may reopen a suppression hearing, "the movant must provide 'a reasonable and adequate explanation for failing to put forth its evidence in the original [hearing].'" *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013) (quoting *Stennis*, 457 F. App'x at 502). If the movant has made such a showing, then the court must also consider "the timeliness of the motion, the character of the proposed testimony, the effect of granting the motion, and, most importantly, whether the opposing party will be prejudiced by reopening the [hearing]." *Id.* And courts should be "extremely reluctant" to reopen a suppression hearing. *Stennis*, 457 F. App'x at 502.

## ANALYSIS

To resolve Defendant's motion, the Court must determine whether Defendant has provided a sufficient explanation for failing to present at the suppression hearing the evidence

3

that Defendant now wishes to introduce. If Defendant has made such a showing, then the Court must consider (1) whether Defendant's motion is timely; (2) the character of the evidence that Defendant would introduce; (3) the effect reopening the suppression hearing; and (4) whether the Government will be prejudiced if the suppression hearing is reopened. *See United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013). Defendant provided a sufficient explanation for failing to introduce at the suppression hearing the evidence that he now wishes to present, and the other four *Holland* factors weigh in his favor.

Defendant wishes to testify that Officer Palmer placed his hand on Defendant's arm before he asked Defendant whether he was armed. Defendant also wishes to recall Officer Palmer for further questioning. Defendant clarified at oral argument that he would ask Officer Palmer whether Officer Palmer touched him before Officer Palmer asked him whether he had a gun.

Defendant asserts that he failed to introduce this evidence at the suppression hearing because he did not learn that the Government would argue at that hearing that the interaction between him and Officer Palmer was consensual until late in the afternoon on the day before the hearing. This explanation is reasonable and adequate.

With respect to the first *Holland* factor, Defendant filed his Motion to Reopen the Record less than two weeks after the suppression hearing. Defendant's motion is timely.

Concerning the second and third *Holland* factors, Defendant would present evidence that Officer Palmer touched him before Officer Palmer asked him whether he had a gun. This evidence is within the scope of Officer Palmer's testimony on direct examination and is relevant to whether the interaction between Defendant and Officer Palmer was consensual.

The Government argues that further testimony from Officer Palmer would not help Defendant. But the Government did not dispute at oral argument that Defendant did not ask Officer Palmer whether Officer Palmer touched him before asking him whether he was armed. And this evidence is relevant to whether Defendant consented to interact with Officer Palmer when he told Officer Palmer that he had a gun.

The Government also argues that the proposed testimony from Defendant himself is contradicted by video footage from Officer Palmer's body camera. If the Government believes that this evidence would undermine Defendant's testimony, then it should introduce it in open Court after Defendant's testimony has been received. The Court declines to resolve whether this footage conflicts with Defendant's testimony at this time.

The character and potential effect of Defendant's proposed evidence weigh in favor of reopening the suppression hearing.

Regarding the last *Holland* factor, the Government argues that it would be prejudiced if the Court reopened the suppression hearing for two reasons. First, the Government argues that it would be prejudiced by the delay that would result. Second, the Government argues that it would be prejudiced by Defendant's proposed testimony because he has had the benefit of seeing the evidence that the Government presented at the suppression hearing. Both of these arguments fail.

First, any delay that might result from reopening the suppression hearing is attributable to the Government. But for the Government's failure to timely and adequately notify Defendant of its intent to argue that his interaction with Officer Palmer was consensual at the suppression hearing, Defendant would not have moved to reopen the hearing.

Second, the Government's assertion that it will be prejudiced by Defendant's testimony implicitly assumes that Defendant will perjure himself. If the Government wishes to attack Defendant's character for truthfulness, then it should do so on cross-examination at a reopened suppression hearing and not in the papers.

The Government has not shown that it will be prejudiced if the Court reopens the suppression hearing.

All four of the *Holland* factors weigh in favor of reopening the suppression hearing.

## CONCLUSION & ORDER

Defendant provided a reasonable and adequate explanation for failing to introduce evidence that Officer Palmer touched Defendant before asking him whether he had a gun at the suppression hearing. And all four *Holland* factors weigh in favor of reopening the suppression hearing to permit Defendant to present this evidence.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Reopen the Record is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing on Defendant Romell Lemoyne Goodson's Motion to Suppress (ECF No. 28) shall continue on **February 9, 2024, at 10:30 A.M.** before District Judge Sean F. Cox at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 817, Detroit, Michigan.

**IT IS FURTHER ORDERED** that Detroit Police Officer Lorenzo Palmer shall be recalled to the stand for further cross-examination at the continued suppression hearing.

**IT IS FURTHER ORDERED** that Defendant Romell Lemoyne Goodson's presentation of evidence is limited to testimony from Police Officer Lorenzo Palmer and/or Defendant himself about whether the interaction between Defendant and Officer Palmer was consensual.

**IT IS FURTHER ORDERED** that Assistant U.S. Attorney Diane Princ shall inform Detroit Police Officer Lorenzo Palmer as soon as is practicable that his presence is required at the continued suppression hearing.

**IT IS SO ORDERED.**

Dated: January 30, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on January 30, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy
Case Manager